Mr. Chief Justice Cartter,
dissenting, said :
It will be perceived that there is no necessity for an apology for the existence of a difference of opinion on the bench in reference to this case, inasmuch as there is such a conflict of authority among the decisions upon the principal question raised by it.
*186 In the first place, it seems to me, that there is an entire misconception of the subject to say that you are contradicting the contract simply because you go under and behind its written language in order to sift out the relations of the parties to it, and regulate their responsibility according •to the equities of those relations. In my opinion there is no such thing as contradiction about it. If there was, there would be an end of the matter, for nothing is better settled than that a written contract cannot be contradicted by an oral one. The doctrine is founded upon the equitable theory that you may go below the surface and inquire into the relations in fact of the parties, not for the purpose of contradicting the contract, but for the purpose •of seeing whether the contract has been satisfied. It is for the purpose of placing the parties where they contracted •and leaving them in their correlative relation to the contract. And then when you have found out what the parties have ■done under and in pursuance of the contract which they have made, if any one of them has done anything in prejudice of the rights of the others that the law ought to take cognizance of, you are to adjust their rights accordingly. The courts in repeated instances have held that you may make at law an equitable defence, and show that a contract has been equitably satisfied by the action of any of the parties ■to it.
What is the case here ? J. L. Lake and J. Tarbell, by their sealed obligation or note, agreed to pay J. & T. Green, or order, one thousand dollars, for value received ; the paper being dated November 8, 1875. Upon that note ■or bond — for it is in its technical significance an instrument under seal — these parties appear as joint and several obligors, •and as principals. That note was drawn payable sixty days after date, and went into maturity, and on the back of it is the writing of the bank, either through its president or its cashier, “ Extended for sixty days.” That is a definite extension, and if it is a valid contract and for a valid consideration, it would appear to protract this instrument and suspend the right of the interposition of legal process for the *187 term of sixty days. The case shows, if the proof is admissible, that to this undertaking Tarbell was not a party, and that he had no knowledge of it. It is further shown that Tarbell was .an undertaker on this note, without consideration, operating to himself ; that he merely came to the aid of Lake as a surety, and that that fact was known to the bank.
Here, then, you have, under the surface of this contract, the fact that Tarbell was really a surety, although in form a principal ; that his character of surety was known to the payee of the note at the time of taking it and advancing the money and at the time of the postponement of the payment. Now, provided this is not obnoxious to objection on the ground of usury, had the bank any right to contract with Lake,-who was known to them to be the principal debtor, for the extension of the paper for sixty days without the knowledge of Tarbell ? In equity clearly not. It was argued that, admitting the suspension of the right of action and of the protraction of the contract for sixty days beyond the period limited by the surety, there is no evidence of damnification to Tarbell. I do not understand that it is necessary there should be. The extension of the time of payment and the change of the contract implied all that under the law, and if the superficial relation of these parties was that of principal and surety, there would be nothing to inquire about, and there would be an end of the case if this agreement for extension were otherwise valid and binding. I see no good reason why it should be otherwise when we have ascertained as á matter of fact the true relation of the parties.
The only question then is, was this contract for extension valid and binding. It is said it was an usurious agreement, and therefore void. I think this is the first time I have ever known Shylock to come into a court of justice and complain that he had been taking usury ; and what is more, all the while with the usury in his pocket. He is the only man who complains of usury in this case, although it is generally from the other side that such a complaint comes. In my *188 opinion, however, the statute of Mississippi has been wrongly interpreted. That statute provides that the legal rate of interest on bonds, notes, accounts, judgments and contracts shall be six per cent, annum ; and then it further provides that contracts may be in writing for the payment of interest as high as ten per cent., and if a greater rate of interest than- ten per cent, shall be stipulated for in any case, such excess shall be forfeited on the plea of the party to be charged therewith — not on the plea of the party making the charge. It is left to the parties to contract for any amount of interest, but the statute says to the lender : “You shall not collect above a certain rate, if the borrower chooses to plead usury.” The contract is voidable but not void, and it is voidable only upon the express plea of the borrower. The borrower here does not plead it. Shall the lender, who is trying to make such a defense, be successful, after contracting for this rate, and after taking. advantage of it, under a statute which only provides that the plea shall be good when made by the other party ? I do not understand the logic that can work out such a conclusion as that, and I do not agree with it. The defendant Lake, who paid the usury does not remember whether it was paid at the inception of the extension, or during its running, or at its conclusion ; but I do not think it is material when the interest was paid, if it was paid and appropriated by the payee of the note. I quite agree with the court below in the ruling made in this case.